SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
================================X   Index No:
CARLOS PAULINO,

                Plaintiff,           **VERIFIED COMPLAINT**

        -against-

RORY COYTE and CSX TRANSPORTATION, INC.,

                Defendants.
================================X

Plaintiff, by his attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for his Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, **CARLOS PAULINO**, at all times herein mentioned was and still is a resident of the State of New York.

2. The defendant, **RORY COYTE**, at all times herein mentioned was and still is a resident of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **CSX TRANSPORTATION, INC.**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **CSX TRANSPORTATION, INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CSX TRANSPORTATION, INC.**, maintained a principal place of business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant,

**CSX TRANSPORTATION, INC.**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CSX TRANSPORTATION, INC.**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CSX TRANSPORTATION, INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **CSX TRANSPORTATION, INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. On or about July 29, 2020, defendant, **RORY COYTE**, owned a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

11. On or about July 29, 2020, defendant, **RORY COYTE** was the lessee of a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

12. On or about July 29, 2020, defendant, **RORY COYTE** was the lessor of a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

13. On or about July 29, 2020, defendant, **RORY COYTE** maintained a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

14. On or about July 29, 2020, defendant, **RORY COYTE** controlled a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

15. On or about July 29, 2020, defendant, **RORY COYTE** operated a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

16. On or about July 29, 2020, defendant, **RORY COYTE** operated, maintained and controlled a certain automobile with license plate XZ3947 as issued by the State of New Jersey with consent of its owner.

17. On or about July 29, 2020, defendant, **CSX TRANSPORTATION, INC.**, owned a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

18. On or about July 29, 2020, defendant, **CSX TRANSPORTATION, INC.** was the lessee of a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

19. On or about July 29, 2020, defendant, **CSX TRANSPORTATION, INC.** was the lessor of a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

20. On or about July 29, 2020, defendant, **CSX TRANSPORTATION, INC.** maintained a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

21. On or about July 29, 2020, defendant, **CSX TRANSPORTATION, INC.** controlled a certain automobile with license plate XZ3947 as issued by the State of New Jersey.

22. On or about July 29, 2020, defendant, **RORY COYTE** operated, maintained and controlled a certain automobile with license plate XZ3947 as issued by the State of New Jersey with consent of its owner defendant, **CSX TRANSPORTATION, INC.**

23. On or about July 29, 2020, defendant, **RORY COYTE** operated, maintained and controlled a certain automobile with license plate XZ3947 as issued by the State of New Jersey during the course of his employment with defendant, **CSX TRANSPORTATION, INC.**

24. At all times hereinafter mentioned, the roadway known as the Sheridan Expressway at or near its intersection with the Cross Bronx Expressway in Bronx County, State of New York, was a public roadway and thoroughfare in common use by the residents of the State of New York, and others.

25. That on July 29, 2020, the plaintiff, **CARLOS PAULINO**, was the driver in a motor vehicle with license plate T750243C as issued by the State of New York at the location described.

26. That on July 29, 2020, at the aforesaid location, the defendants' motor vehicle came in contact with plaintiff's motor vehicle.

27. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless, wrongful, willful and negligent manner in which the defendant, **RORY COYTE**, operated and controlled their motor vehicle, without this plaintiff, **CARLOS PAULINO**, in any way contributing thereto.

28. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, **CARLOS PAULINO** was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

29. That by reason of the foregoing, the Plaintiff, **CARLOS PAULINO**, was compelled and did necessarily require medical aid and attention, and did necessarily pay and become liable for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

30. That by reason of the foregoing, the Plaintiff, **CARLOS PAULINO**, has been and will be unable to attend to his usual occupation in the manner required.

31. The aforesaid accident was due solely as a result of the defendants' negligence, gross negligence, recklessness, and carelessness in the operation of said vehicle.

32. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

33. That by reason of the wrongful, reckless, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, **CARLOS PAULINO**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

34. That Plaintiff, **CARLOS PAULINO**, is a 'covered person' as defined by section 5102 (j) of the Insurance Law of the State of New York.

35. That Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in section 5102(a) of the Insurance Law of the State of New York.

36. That Plaintiff is entitled to recovery for non-economic loss and for all economic losses sustained.

37. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

38. That pursuant to CPLR Section 1602(2) (iv), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

39. That pursuant to CPLR Section 1602(7), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the

provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

40. That pursuant to CPLR Section 1602(6), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of a motor vehicle.

41. That pursuant to CPLR Section 1602(2) (iv), Defendant owner is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of Defendant operator of said vehicle.

42. That by reason of the foregoing, Plaintiff, **CARLOS PAULINO**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 43 inclusive, with the same force and effect as though more fully set forth at length herein.

44. Defendant, **RORY COYTE**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **CSX TRANSPORTATION, INC.**

45. Defendant, **CSX TRANSPORTATION, INC.**, managed the activities of its agents, servants and/or employees, specifically defendant **RORY COYTE**.

46. Defendant, **CSX TRANSPORTATION, INC.** controlled the activities of its agents, servants and/or employees, specifically defendant **RORY COYTE**.

47. Defendant, **CSX TRANSPORTATION, INC.**, maintained the activities of its agents, servants and/or employees, specifically defendant **RORY COYTE**.

48. Defendant, **CSX TRANSPORTATION, INC.**, inspected the activities of its agents, servants and/or employees, specifically defendant **RORY COYTE**.

49. Defendant, **CSX TRANSPORTATION, INC.**, supervised the activities of its agents, servants and/or employees, specifically defendant **RORY COYTE**.

50. Defendant, **CSX TRANSPORTATION, INC.**, trained its agents, servants and/or employees, specifically defendant **RORY COYTE**.

51. Defendant, **CSX TRANSPORTATION, INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of a driver.

52. Defendant, **CSX TRANSPORTATION, INC.**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees, specifically defendant **RORY COYTE** for the position of a driver.

53. Defendant, **CSX TRANSPORTATION, INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **RORY COYTE**.

54. Defendant, **CSX TRANSPORTATION, INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **RORY COYTE** for the position of a driver.

55. Defendant, **CSX TRANSPORTATION, INC.**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **RORY COYTE**.

56. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

57. That by reason of the foregoing, Plaintiff, **CARLOS PAULINO**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

58. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 inclusive, with the same force and effect as though more fully set forth at length herein.

59. That on or about July 29, 2020, plaintiff, **CARLOS PAULINO,** was the owner of a 2015 Toyota motor vehicle with license plate number T750243C as issued by the State of New York.

60. By reason of the foregoing, the Plaintiff, **CARLOS PAULINO'S** vehicle was damaged, thereby necessitating repairs/and or the replacement thereof.

61. That by reason of the foregoing, plaintiff has sustained property damages.

62. Due to Defendants' negligence, Plaintiff, **CARLOS PAULINO,** is entitled to damages.

63. That no portion of the aforementioned amount has been paid by other sources.

64. That as a result of the foregoing, the plaintiff, **CARLOS PAULINO,** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff, **CARLOS PAULINO,** demands judgments against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have

jurisdiction all together with the costs and disbursements of this action. Plaintiff seeks punitive damages. Plaintiff demands a jury trial.

Dated: New York, New York
March 25, 2022

ELEFTERAKIS, ELEFTERAKIS & PANEK

By:_____
Nicholas Elefterakis, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

SUPREME COURT OF THE STATE OF NEW YORK
BRONX COUNTY
================================X  Index No:
CARLOS PAULINO,

                Plaintiff,	**VERIFICATION**

      -against-

RORY COYTE and CSX TRANSPORTATION, INC.,

               Defendants.
================================X

STATE OF NEW YORK  )
                        ) ss.:
COUNTY OF NEW YORK  )

**CARLOS PAULINO**, being duly sworn, says:

      The deponent is the above-named Plaintiff herein, Deponent has read the foregoing **SUMMONS AND COMPLAINT** and know its contents, the same is true to deponent's knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters stated to be alleged upon information and belief deponent believes them to be true.

Dated: New York, New York

_____
**CARLOS PAULINO**

Sworn to before me this
25th Day of March, 2022

_____
NOTARY PUBLIC

JANICE Q. RODRIGUEZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RO6301849
Qualified in Richmond County
My Commission Expires 04-28-2022